# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| VAN WAYNE MELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 5:14-cv-00258-KOB-JHE |
| ) | |
| MORGAN COUNTY DHR, ) | |
| JENNIFER HOWELL, MICHAEL ) | |
| WILHELM, JILL SMILEY, and THE ) | |
| ATTORNEY GENERAL OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

On or about February 13, 2014, Plaintiff Van Wayne Melson initiated this action against Defendants Morgan County DHR, Judge Jennifer Howell, Michael Wilhelm, Jill Smiley, and the Attorney General of Alabama seeking release from the Morgan County, Alabama jail. (Doc. 1). Melson also moved for leave to proceed in forma pauperis, (doc. 2) and for "Release from Incarceration" (doc. 4).

Although Melson styled his case as a prisoner civil rights lawsuit, the claims and requested relief are congruent with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, on February 28, 2014, the magistrate judge ordered Melson to show cause why his case should not be reclassified under 28 U.S.C. § 2254. (Doc. 5). The clerk mailed a copy of the order and a blank habeas corpus petition to Melson at the Morgan County Jail. On March 5, 2014, the mail was returned indicating it was undeliverable because Melson is "Not in Jail." (Doc. 6). Because Melson is no longer in jail, this action, whether styled as a civil rights action or a habeas petition is rendered MOOT.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Melson's release from custody rendered this action moot.

The relief Melson seeks is to be released from the Morgan County Jail. (Docs. 1 & 4). Because Melson is no longer in the Morgan County Jail, this action has been rendered moot, unless an exception to the mootness doctrine applies. The two exceptions to the mootness doctrine are (1) collateral consequences and (2) "capable of repetition yet evading review." *See Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S. Ct. 1556, 1559 (1968) (regarding collateral consequences); *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183-84 (1982) (regarding cases capable of repetition yet evading review). Neither exception applies here.

The collateral consequences exception does not apply because no "disabilities or burdens which may flow" from the custody that Melson challenges exist. *See Carafas*, 391 U.S. at 237, 88 S. Ct. at 1559. The exception for events "capable of repetition, yet evading review" does not apply here either. Melson has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348-49 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) a reasonable expectation that the same complaining party would be subjected to the same action again exists).

Because the court can no longer give any relief to Melson, this action is due to be DISMISSED as MOOT.  A separate order will be entered.

    DONE and ORDERED this 25th day of March, 2014.

                                           _____
                                           KARON OWEN BOWDRE
                                           CHIEF UNITED STATES DISTRICT JUDGE

.